## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JESSE ANDERSON, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-3212-WSD-GGB |
| SERGEANT FRANCIS; and | : | |
| OFFICER PERKINS, | : | |
| Defendants. | : | |

## ORDER AND NON-FINAL REPORT AND RECOMMENDATION

Presently before me for consideration are the following motions:  Plaintiff's motion to appoint counsel [Doc. 24]; Plaintiff's motion for a temporary restraining order [Doc. 25]; Plaintiff's two motions for relief [Docs. 27 and 28]; a motion to file documents under seal filed by DeKalb County Chief of Police Cedric Alexander [Doc. 29]; and Plaintiff's motion for a copy of his amended complaint [Doc. 32].

### I.  Motion To Appoint Counsel

On May 7, 2013, I denied a prior motion by Plaintiff for appointment of counsel.  [Doc. 23].  It does not appear that anything has changed since I entered that order.  Thus, for the same reasons given in that order, Plaintiff's second motion for appointment of counsel  [Doc. 24] is **DENIED**.

II.  <u>Motion For A Temporary Restraining Order</u>

Plaintiff has filed a motion for a temporary restraining order [Doc. 25], asking that the DeKalb County Jail be required to "stop denying Plaintiff full physical access" to the law library, to escort Plaintiff to the law library at least once a week, and to provide Plaintiff with writing paper, pens, and stamped envelopes.  In order to obtain injunctive relief, Plaintiff must prove that: (1) he "has substantial likelihood of success on the merits," (2) he will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the public interest."  *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006).

Plaintiff's allegations in his motion do not indicate that he has a substantial likelihood of success on the merits or that he will suffer irreparable injury if immediate injunctive relief is not granted.  In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent."  *Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973

(2d Cir. 1989)); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury."). Plaintiff's claims raised in his motions do not show any imminent threat of injury, especially considering his ability to file several subsequent motions in this case.

Also, as to the final two elements of the preliminary injunction inquiry, Plaintiff has not carried his burden of persuasion as to these elements, especially in light of the fact that federal courts should refrain from needless interference in the day-to-day administration of jails. *See Prieser v. Rodriguez*, 411 U.S. 475, 491–92 (1973). Thus, **I RECOMMEND** that the motion for a temporary restraining order [Doc. 25] be **DENIED**.

III.  Motions For Relief

Plaintiff has filed two motions for relief [Docs. 27 and 28], alleging that he is being denied free stamped envelopes to mail legal correspondence. Plaintiff contends that these motions are made in support of his motion for a temporary restraining order. Also, Plaintiff makes some vague allegations about his uncovering a scheme by the jail to withhold sentenced inmates' "mittimus papers" in order to receive funds

3

for housing the inmates.  [Doc. 27 at 2].  Considering the regularity of Plaintiff's motions, it does not appear that any denial of stamped envelopes has hindered his ability to litigate his case.  Further, there is currently nothing pending in the case that requires any action by Plaintiff.  Also, Plaintiff's claims regarding the jail's alleged scheme does not relate to this action.  Thus, I recommend that Plaintiff's motions for relief [Docs. 27 and 28] be **DENIED**.

IV.  Motion To File Under Seal

DeKalb County Chief of Police Cedric Alexander has filed a motion to file under seal the last known work and home addresses for Sergeant Francis and Officer Perkins that was requested by the Court in its August 9, 2013, order.  [Doc. 29].  The motion [Doc. 29] is **GRANTED**, and the Clerk is **DIRECTED** to file this information under seal.

V.  Motion For A Copy Of The Amended Complaint

Plaintiff has filed a motion seeking a copy of his amended complaint [Doc. 32], because his copy of the complaint was lost or stolen from his property.  In light of Plaintiff's *pro se* prisoner status, Plaintiff's motion [Doc. 32] is **GRANTED**, and the Clerk is **DIRECTED** to send Plaintiff a copy of his amended complaint [Doc. 7].

4

VI.  Conclusion

Based on the foregoing, **I ORDER** that the motion to file under seal [Doc. 29] and motion for a copy of the amended complaint [Doc. 32] be **GRANTED**.

**I FURTHER ORDER** that Plaintiff's motion for appointment of counsel [Doc. 24] be **DENIED**.

**I RECOMMEND** that Plaintiff's motion for a temporary restraining order [Doc. 25] and motions for relief [Docs. 27 and 28] be **DENIED**.

**IT IS SO ORDERED AND RECOMMENDED** this 25th day of October, 2013.


_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

5