# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JESSE ANDERSON, | |
| Plaintiff, | |
| v. | 1:10-cv-3212-WSD |
| SERGEANT FRANKS and OFFICER PERKINS, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Jesse Anderson's ("Plaintiff") Objections [41] to Magistrate Judge Gerrilyn G. Brill's Order and Non-Final Recommendation ("R&R") [33] regarding Plaintiff's Motion to Appoint Counsel [24], Motion for a Temporary Restraining Order ("TRO") [25] and Motions for Relief [27, 28], and DeKalb County Police Chief Cedric Alexander's Motion to Seal Documents [29].

## I.   BACKGROUND[1]

On September 20, 2010, Plaintiff was arrested outside of a hotel room that Federal Bureau of Investigation ("FBI") agents had searched. The FBI agents informed DeKalb County Police Sergeant Francis and Officer Perkins that cocaine and marijuana were recovered during the search of the room. Sergeant Franks directed Officer Perkins to arrest Plaintiff. Plaintiff was charged with possession of the drugs, even though he was not in the room when they were found, his fingerprints were not on the bags containing the drugs, and the individuals who were inside the hotel when the search was conducted admitted the drugs were theirs.

On October 6, 2010, Plaintiff filed his Complaint claiming false arrest and false imprisonment when he was arrested outside the hotel room. Plaintiff filed an Amended Complaint on October 25, 2010, and he filed a further Amended Complaint on November 12, 2010. On December 22, 2010, the Court found that Plaintiff had stated viable claims against Officer Perkins and Sergeant Francis for false arrest and false imprisonment. The Court, however, ordered that the action

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that "[b]ecause [Plaintiff-Appellant] did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings.") (emphasis in original).

be stayed until the criminal proceedings arising from Plaintiff's September 20, 2010, arrest were terminated.

On October 11, 2012, Plaintiff informed the Court that the criminal charges based on his September 20, 2010, arrest had been dismissed. On October 26, 2012, the Court reopened Plaintiff's action against Officer Perkins and Sergeant Francis.

On December 26, 2012, Plaintiff submitted a Motion to Appoint Counsel. On May 7, 2013, Magistrate Judge Brill denied Plaintiff's motion because Plaintiff did not show exceptional circumstances requiring counsel to be appointed. On May 30, 2013, Plaintiff moved again for the appointment of counsel.

On July 31, 2013, Plaintiff filed his Motion for a TRO, asking that the DeKalb County Jail be required to "stop denying Plaintiff full physical access" to the law library, to escort Plaintiff to the law library at least once a week, and to provide Plaintiff with writing paper, pens, and stamped envelopes. On August 12 and August 15, 2013, Plaintiff filed his additional "Motions for Relief" in support of his TRO motion. These motions allege substantially the same claims as those in Plaintiff's Motion for a TRO, seeking free mailing materials and access to legal resources.

On September 6, 2013, Plaintiff filed his motion to be provided a copy of his most recent Amended Complaint. The same day, DeKalb County Police Chief

Cedric Alexander moved, pursuant to O.C.G.A. § 50-18-72(a)(21), to seal documents filed by Plaintiff that disclosed the Defendants' home addresses.

On October 25, 2013, the Magistrate Judge issued her R&R.  In it, she granted Plaintiff's request for a copy of his Amended Complaint and granted Chief Alexander's Motion to Seal.  The Magistrate Judge denied Plaintiff's Motion to Appoint Counsel, observing that she had denied the same motion previously and noting that Plaintiff's circumstances had not changed after the request for appointed counsel was first denied.  The Magistrate Judge also recommended that Plaintiff's Motion for a TRO and Motions for Relief be denied because Plaintiff did not show a substantial likelihood of success on the merits of his claim of denial of stamped envelopes and legal resources and otherwise did not show he would suffer irreparable injury if the TRO was not granted.[2]

On November 14, 2013, Plaintiff filed objections to the R&R.  Plaintiff alleges that circumstances had changed since the Magistrate Judge first denied Plaintiff's Motion to Appoint Counsel.  Plaintiff supported this allegation by arguing the merits of his request for a TRO.[3]  Plaintiff also noted that "defendants

---

[2] The Magistrate Judge noted that Plaintiff had filed multiple pleadings in his case by mailing them to the Court, discrediting his claim that he was being denied legal and mailing materials.

[3] In his objections, Plaintiff notes: "The Plaintiff is only allowed legal materials every thirty (30) days[; t]he Plaintiff does not have physical access to law books

4

are no longer employed by the DeKalb County Police Department and have entered under seal certain information that the Plaintiff is not privileged to have."[4]

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Plaintiff filed objections to the findings and conclusions in the R&R, and the Court thus reviews, *de novo*, those findings and conclusions to which an objection is asserted.

### B. Analysis

#### 1. Appointment of Counsel

The appointment of counsel in civil cases is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues . . . so

---

such as, federal court rules, and practices, nor case cites/shepards cites." [41]

[4] The "certain information" is not identified.

novel or complex as to require the assistance of a trained practitioner." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (internal quotations omitted); see also Finfrock v. Crist, 210-CV-150-FTM-36DNF, 2010 WL 3220305, *2 (M.D. Fla. Aug. 13, 2010) (applying Kilgo's appointment of counsel principles to a request in a Section 2254 habeas petition).

In his Objections, Plaintiff claims the Magistrate Judge incorrectly concluded that nothing had changed since the first time she denied Plaintiff's request for appointment of counsel. The changed circumstances, however, do not support that counsel should be appointed. Plaintiff simply reiterates various grounds on which he requests injunctive relief. The facts are that Plaintiff successfully has filed pleadings on his own behalf without the assistance of a trained practitioner. The claims at issue in this action are not novel and do not involve complex facts or legal issues that constitute exceptional circumstances justifying a need for the appointment of counsel. See Kilgo, 983 F.2d at 193 ("The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the Court. Where the facts and issues are simple, he or she usually will not need such help."). Upon *de novo* review, the Court finds that the Magistrate Judge did not err in denying Plaintiff's Motion to Appoint Counsel. Plaintiff's objection based on claimed changed circumstances is overruled.

### 2. Filing Under Seal

Georgia law favors easy public access to public records. See O.C.G.A. § 50-18-70(a) ("[T]he strong public policy of this state is in favor of open government; that open government is essential to a free, open, and democratic society; and that public access to public records should be encouraged to foster confidence in government and so that the public can evaluate the expenditure of public funds and the efficient and proper functioning of its institutions."). Georgia law, however, does not permit disclosure of a public employee's identifying information, including his or her home address. O.C.G.A. § 50-18-72(a)(21) ("[Public disclosure shall not be required for records that are r]ecords concerning public employees that reveal the public employee's home address."). A "public employee" is anyone who is an "employee, or former employee of . . . [a]ny [Georgia] county or municipality or its agencies, departments, or commissions." O.C.G.A. § 50-18-72(a)(21)(B).

In his Objections, Plaintiff states that Sergeant Francis and Officer Perkins are no longer employed by the DeKalb County Police Department, arguing that he is entitled to this information because he cannot find their addresses on his own. That is not the issue. The issue is disclosure of address information. The law in Georgia plainly prohibits disclosure of the addresses of current and past public

7

employees.  On *de novo* review, the Court finds the Magistrate Judge did not err in granting Police Chief Alexander's Motion to Seal Documents.  Plaintiff's objection to the requested sealing is overruled.

        3.    Temporary Restraining Order

To be eligible for a temporary restraining order or preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, a movant must establish "that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); accord Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir. 2005); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (per curiam); Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004).

A preliminary injunction is a drastic and extraordinary remedy which should not be granted unless the movant can clearly establish each of the four elements. Four Seasons Hotels and Resorts v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); see also All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.,

Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotation marks omitted) ("A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites."). "The burden of persuasion in all of the four requirements is at all times upon the [movant]." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1284 (11th Cir. 1990) (quotations omitted). Failure to show any of the four factors is fatal, the most common failure being not showing a substantial likelihood of success on the merits. See, e.g., Schiavo, 403 F.3d at 1226 n.2, 1237; Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994); Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

The elements for a TRO are essentially the same as for a preliminary injunction, except that "[t]he motion must be supported by allegations . . . that such [irreparable] injury is so imminent that notice and hearing would be impractical if not impossible." Hernandez v. Board of Regents, 1997 WL 391800, *1 (M.D. Fla. 1997) (quoting Chase Manhattan Bank v. Sav. Bank of New York, 961 F.Supp. 275, 276 (M.D. Fla. 1997)). To satisfy the substantial likelihood of success requirement, Plaintiff "must demonstrate a reasonable probability of success" on the merits of his case. Grupo Mexicano de Desarollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 340 (1999).

9

The United States Supreme Court has held that "it is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and stamps to mail them." Bounds v. Smith, 430 U.S. 817, 824-25 (1977). Our circuit, applying Bounds, has concluded that limiting indigent prisoners to two stamps per week does not violate a prisoner's right to meaningful access to the courts. Hoppins v. Wallace, 751 F.2d 1161, 1162 (11th Cir. 1985).

In Lewis v. Casey, 518 U.S. 343, 355 (1996), applying its decision in Bounds, the Supreme Court noted:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Prisoners are, of course, entitled by right to meaningful access to the courts and the materials necessary to assert their access. Inmates, however, are not entitled to unlimited and unfettered access to the courts. See Shabazz v. Barrow, No. 05-cv-46 (HL), 2007 WL 121139, *2 (M.D. Ga. Jan. 11, 2007) (in denying plaintiff unlimited stamps and photocopies with which to communicate with the courts: "plaintiff is relying on an improper standard with regard to access to the

courts by indigent prisoners. Plaintiff is entitled constitutionally to only meaningful, as opposed to unhindered access to the courts.").

For the Court to grant a preliminary injunction, Plaintiff must show the substantial likelihood of irreparable injury. See Siegel, 234 F.3d at 1176 ("[E]ven if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper."). The irreparable injury Plaintiff asserts "must be neither remote nor speculative, but actual and imminent." Ass'n of Gen. Contractors, 896 F.2d at 1285.

Plaintiff claims his access to the law library and materials to correspond with the Court is inadequate and has requested access to legal resources. The record and activity in this case do not support that Plaintiff was denied access to legal materials or other resources. Plaintiff mailed and filed numerous motions to the Court. In his submissions, Plaintiff cited case law to support the arguments he advanced. The plain facts are that Plaintiff has access to the materials necessary to challenge his sentence and the conditions of his confinement, and to send his submissions to the Court. Plaintiff is not, on the record here, being denied materials sufficient to constitute a denial of access to the Court. Plaintiff is unlikely to succeed on the merits of his claim for injunctive relief and, having

11

conducted a *de novo* review, the Court finds the Magistrate Judge did not err in recommending that Plaintiff's Motion for a TRO and Motions for Relief be denied. Plaintiff's objection, based on his claimed denial of legal materials and postage, is overruled.[5]

## III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Non-Final Report and Recommendation [33] is **ADOPTED**, and Plaintiff's Objections [41] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [24] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order [25] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Relief [27, 28] are **DENIED.**

---

[5] The Magistrate Judge also found that Plaintiff is unlikely to suffer irreparable injury if the TRO is not issued.  Plaintiff plainly has access to the materials he requests and is not suffering an irreparable injury.  Reviewing this issue *de novo*, the Court finds the Magistrate Judge did not err in recommending that Plaintiff's motion for a TRO be denied on this additional ground.

**IT IS FURTHER ORDERED** that DeKalb County Police Chief Cedric Alexander's Motion to Seal [29] is **GRANTED.**

**SO ORDERED** this 24th day of January, 2014

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE