# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JESSE ANDERSON, JR.,

        **Plaintiff,**

   v.                                                                   1:10-cv-3212-WSD

SERGEANT FRANKS and
OFFICER PERKINS,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsiderations [sic] ("Motion for Reconsideration") [51], and Magistrate Judge Gerrilyn G. Brill's Non-Final Report and Recommendation [52] ("R&R") recommending that Plaintiff's Motion for Summary Judgment [39] be denied.

## I.     BACKGROUND[1]

On September 20, 2010, Plaintiff Jesse Anderson, Jr. ("Plaintiff") was arrested outside of a hotel room that Federal Bureau of Investigation ("FBI") agents had searched.  The FBI agents informed Defendants Sergeant France and

---

[1] The facts are taken from the R&R and the record.  The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Officer Perkins ("Defendants"), both DeKalb County police officers, that cocaine and marijuana were recovered in the room they searched.  Plaintiff was arrested and charged with possession of the drugs.[2]

On October 6, 2010, Plaintiff filed his Complaint claiming false arrest and false imprisonment.  On October 25, 2010, Plaintiff filed an Amended Complaint and on November 12, 2010, he filed a further Amended Complaint.  On December 22, 2010, the Court found, pursuant to 28 U.S.C. §1915 A, that Plaintiff alleged viable claims against Defendants for false arrest and false imprisonment.  The Court ordered that the claims be stayed until the termination of the criminal proceedings arising from Plaintiff's September 20, 2010 arrest.

On December 26, 2012, Plaintiff submitted his Motion to Appoint Counsel.  On May 7, 2012, the Magistrate Judge denied the motion.  On May 30, 2013, Plaintiff moved again for the appointment of counsel.

On July 31, 2013, Plaintiff filed his Motion for a Temporary Restraining Order ("TRO") against Defendants.  On August 12, 2013, and August 15, 2013, Plaintiff filed his additional Motions for Relief in support of his TRO motion (seeking free mailing of materials and access to legal sources) alleging essentially

---

[2] Plaintiff was not in the room when the drugs were found and his fingerprints were not on the bags containing the drugs.  Individuals outside the hotel room that was searched and admitted the drugs were theirs.

the same claims as those presented in Plaintiff's Motion for a TRO.  On

September 6, 2013, Plaintiff filed his motion for a copy of his most recent

Amended Complaint.[3]  On January 24, 2014, the Court denied Plaintiff's Motion

to Appoint Counsel, Motion for a Temporary Restraining Order, and Motions for

Relief.[4]

On November 14, 2013, Plaintiff filed his Motion for Summary Judgment,

again asserting claims against Defendants for false arrest and false imprisonment.

On December 24, 2013, Defendants filed their Answer to Plaintiff's Amended

Complaint.  On December 26, 2013, Plaintiff filed his Motion for Order to Compel

Discovery.  On February 18, 2014, Plaintiff filed his Motion for Reconsideration.

On March 31, 2014, the Magistrate Judge issued her R&R recommending

that Plaintiff's Motion for Summary Judgment be denied because (1) it was filed

before the Defendants answered and before Plaintiff requested discovery and thus

was premature; and (2) it fails to meet the requirements of the Federal Rule of

Civil Procedure 56 and the Court's corresponding Local Rule.

---

[3] That same day, Defendants moved, pursuant to O.C.G.A. § 50-18-72(a)(21) to
seal documents filed by Plaintiff that disclosed their home addresses.
[4] DeKalb County Police Chief Cedric Alexander moved to seal, pursuant to
O.C.G.A. § 50-18-72(a)(21), documents filed by Plaintiff that disclosed the
Defendants' home address.

## II.   DISCUSSION

### A.   Legal Standard on Review of an R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

### B.   Legal Standard on Motion for Reconsideration

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)."  Region 8 Forest Serv. Timber

Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993).  The Court

does not reconsider its orders as a matter of routine practice.  LR 7.2 E., NDGa.

The Court's Local Rules require the parties to file motions for reconsideration

"within twenty-eight (28) days after entry of the order or judgment."  Id.

      The Court construes Plaintiff's motion as one seeking reconsideration

pursuant to Rule 59(e).  Motions for reconsideration under Rule 59(e) are

appropriate only where there is newly-discovered evidence[5] or a need to correct a

manifest error of law or fact.  See Hood v. Perdue, 300 F. App'x 699, 700 (11th

Cir. 2008) (citing Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army

Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242

(11th Cir. 1996)); Arthur, 500 F.3d at 1343 ("The only grounds for granting [a

Rule 59] motion are newly-discovered evidence or manifest errors of law or

fact."); Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).[6]

---

[5] Evidence that could have been discovered and presented on the previously-filed
motion is not newly discovered.  See Arthur v. King, 500 F.3d 1335, 1343-44 (11th
Cir. 2007); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)
("We join those circuits in holding that where a party attempts to introduce
previously unsubmitted evidence on a motion to reconsider, the court should not
grant the motion absent some showing that the evidence was not available during
the pendency of the motion.").

[6] Motions for reconsideration under Rule 60(b) are appropriate only where there is
"mistake, inadvertence, surprise, or excusable neglect," newly discovered
evidence, fraud, a void judgment, or a judgment that has been satisfied or is no
longer applicable.  Fed. R. Civ. P. 60(b).

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  See Arthur, 500 F.3d at 1343; O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").  Whether to grant a motion for reconsideration is within the sound discretion of the district court.  See Region 8, 993 F.2d at 806.

C.      Analysis

The Magistrate Judge found that Plaintiff filed his Motion for Summary Judgment prematurely and recommend it be dismissed.  The Magistrate Judge determined that the motion was filed before Defendants answered Plaintiff's Amended Complaint and before discovery was conducted.  The Court finds no

plain error in the Magistrate Judge's finding that the motion is not timely.[7]  See LR

56.1(D), NDGa ("Motions for summary judgment shall be filed . . . not later than

thirty (30) days after the close of discovery . . . ."); see also Vining v. Runyon, 99

F.3d 1056, 1058 (11th Cir. 1996) ("A premature decision on summary judgment

impermissibly deprives the [Defendants] of their right to utilize the discovery

process to discover the facts necessary to justify their opposition to the motion.").

The Court concurs with the Magistrate Judge's recommendation that Plaintiff's

Motion for Summary Judgment should be denied.

Plaintiff's Motion for Reconsideration asserts claims this Court previously

considered and dismissed.  Plaintiff asserts that "in [his] TRO, he merely sort [sic]

for paper to be issued in a sufficient amount to address the three legal cases now

pending before the Federal and State courts."  Plaintiff does not allege any new

evidence or intervening developments or changes in the law.  He asserts that "[he]

has no case law to respond to Your Honor's judgment and beside [sic] if I did it

would take at least thirty days for the jail's law library clerk to respond and then

she or he would only allow Plaintiff to have three cases that he may cite to them."

Plaintiff has not demonstrated any reason for the Court to consider its decision that

---

[7] Plaintiff prematurely filed his Motion for Summary Judgment on November 14, 2013.  The Defendants did not answer to Plaintiff's Amended Complaint until December 24, 2013, and Plaintiff requested a Motion for Order to Compel Discovery on December 26, 2013.  Discovery ends on July 29, 2014.

Plaintiff's claims are required to be dismissed.  Plaintiff's Motion for Reconsideration also is required to be denied.

**III.   CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Non-Final Report and Recommendation [52] is **ADOPTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [39] is **DENIED** because it was filed prematurely.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration [51] is **DENIED**.


**SO ORDERED** this 3rd day of July, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE