# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JESSE ANDERSON, JR., X0419117, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : : | CIVIL ACTION NO. 1:10-CV-3212-WSD-GGB |
| SGT. FRANCIS and DEPUTY PERKINS, Defendants. | : : : | |

## FINAL REPORT AND RECOMMENDATION AND ORDER

This matter is before me for decision on (1) a summary judgment motion filed by Defendants Sergeant Francis and Officer Perkins (Doc. 60) and (2) Plaintiff Jesse Anderson's letter requesting an Order directing DeKalb County Jail officials to provide him with additional paper, envelopes, and photocopies (Doc. 62). For the following reasons, I **RECOMMEND** that Sergeant Francis and Officer Perkins's summary judgment motion be **GRANTED**, and I **DENY AS MOOT** Mr. Anderson's letter request.

There is no dispute as to the following facts: On September 20, 2010, Mr. Anderson exited a Motel 6 motel room in DeKalb County just as FBI agents entered to execute search and arrest warrants. Illegal drugs were found in the room, and two of the people still present inside were arrested. Outside the motel room, Sergeant Francis and Officer Perkins – two DeKalb County police officers who were

accompanying the FBI agents – detained Mr. Anderson and directed him to lie face down on the ground, then searched and arrested him.  Mr. Anderson was charged with felony possession of an unknown controlled substance and misdemeanor marijuana possession.  Six months later, on March 28, 2011, a DeKalb County prosecutor elected not to present the charges against Mr. Anderson to a grand jury.

Well before the drug possession charges against him were dropped, Mr. Anderson filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1), that he amended in mid-November 2010 (Doc. 7).  In his Amended Complaint, Mr. Anderson alleged that the DeKalb County Police Department, Sergeant Francis, and Officer Perkins "falsely arrested the plaintiff and violated his United States constitutional rights" and "falsely imprison[ed him] in violation of plaintiff's United States constitutional rights."  (Doc. 7 at 9).  Mr. Anderson demanded, among other things, $500,000 in compensatory damages, $5,000,000 in punitive damages, and his immediate release from the DeKalb County Jail.  (*Id.*).

The Honorable William S. Duffey, Jr. screened Mr. Anderson's Amended Complaint pursuant to 28 U.S.C. § 1915A and concluded that it "may [state] a viable false arrest and/or false imprisonment cause of action against Sergeant Francis and Officer Perkins."  (Doc. 10 at 7).  Judge Duffey dismissed the DeKalb County Police Department as a defendant.  (*Id.* at 8).  However, because the drug possession charges

2

against Mr. Anderson were still pending, Judge Duffey ordered that "his false arrest and/or false imprisonment claims . . . be stayed until those criminal proceedings . . . ended." (*Id.* at 7-8).

In October 2012, roughly nineteen months after the DeKalb County District Attorney's office elected not to prosecute him, *see* (Doc. 11), Mr. Anderson returned to this Court, and Judge Duffey reopened this case, *see* (Doc. 12). I then entered a number of orders relating to service of process, and both Sergeant Francis and Officer Perkins eventually returned waivers of service in November 2013. *See* (Docs. 13, 18, 19, 20, 21, 23, 26, 29, 30, 35, 36, 37, 42, 44). In December 2013, Sergeant Francis and Officer Perkins answered the Amended Complaint, asserting among other defenses an entitlement to qualified immunity (Doc. 45 at 1-2). I assigned this case to a discovery track ending on July 29, 2014. *See* (Doc. 52 at 3).

Sergeant Francis and Officer Perkins have filed a summary judgment motion and supporting materials, to which Mr. Anderson has responded with multiple filings of his own, including a letter request for a court order directing the DeKalb County Jail to provide him with paper, envelopes, and photocopies. (It appears that Mr. Anderson is once again in detention in the DeKalb County Jail, albeit on charges unrelated to this case.)

I consider first Mr. Anderson's letter request that the DeKalb County Jail be

3

ordered to provide him with paper, envelopes, and photocopies. Because Mr. Anderson stated that he required additional paper, envelopes, and photocopies in order to respond to the summary judgment motion, and he later submitted a complete response to that motion comprising (1) another letter (Doc. 63), (2) an affidavit providing his version of events (Doc. 64), (3) his "Opposition Brief Against Defendant's Motion for Summary Judgment" (Doc. 65), and (4) several certificates of service relating to very recent responses to discovery requests (Docs. 67, 67-1 & 67-2), I **DENY AS MOOT** his letter request because it appears that he received the material necessary to respond to the summary judgment motion.

I consider next whether Sergeant Francis and Officer Perkins are entitled to summary judgment. "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836-37 (11th Cir. 2006); *see also* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The party moving for summary judgment 'bears the initial responsibility of informing the district court of the basis for its motion.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314-15 (11th Cir. 2011) (quoting *Celotex*, 477 U.S. at 323). "Once the movant has demonstrated that the facts of record warrant judgment

4

in its favor, the party having the burden of proof at trial must come forward with evidence and argument to sustain that burden." *Am. Safety Indem. Co. v. T.H. Taylor, Inc.*, 513 F. App'x 807, 814 (11th Cir. 2013).

The Amended Complaint alleged that after searching Mr. Anderson and finding nothing, "Sgt. Francis became angry and stated . . . 'anything in the room, pal, we are charging it to your account.'" (Doc. 7 at 8). In screening the Amended Complaint, which gave only Mr. Anderson's version of events, Judge Duffey concluded that this "may [state] a viable false arrest and/or false imprisonment claim" because "'mere presence in the area of contraband . . . is not sufficient to establish possession.'" (Doc. 10 at 7 (quoting *Holmes v. Kucynda*, 321 F.3d 1069, 1080 (11th Cir. 2003)).

In his response to the summary judgment motion, Mr. Anderson now acknowledges that he lied in response to questions from the law enforcement officers as he exited the motel room, telling them there was no one else inside. *See* (Doc. 65 at 2). Mr. Anderson now contends that "Plaintiff refused to snitch on the persons inside the room at Motel Six on September 20, 2010, and this arrest was in retaliation for non-cooperation." (*Id.*). Mr. Anderson avers that "Sergeant Francis then immediately upon seeing these other people in the motel room being arrested by the F.B.I. agents approached me and layed [sic] me on the ground and said 'you said no

5

AO 72A
(Rev.8/82)

one else was in the room, [illegible], this is for lying [sic] and handcuffed me." (Doc. 64 at 1). Mr. Anderson contends that "a jury should decide if malicious behavior and a false arrest was had." (*Id.*).

An officer has probable cause to arrest when, "at the moment the arrest was made . . . the facts and circumstances within [the officer's] knowledge and of which [the officer] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [accused] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). The standard is objective and judged in light of the "totality of the circumstances." *Coffin v. Brandau*, 642 F.3d 999, 1006 (11th Cir. 2011) (internal quotation marks omitted). Thus, while "[p]robable cause requires more than a mere suspicion, [it does not require] the level of convincing proof necessary to support a conviction." *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002).

Whereas Mr. Anderson acknowledged in his Amended Complaint only that the police officers had seen him exiting the hotel room in which drugs were found – leading Judge Duffey to conclude that he might have a viable false arrest and/or false imprisonment claims because mere presence in the area of contraband is not sufficient to establish possession – Mr. Anderson now admits that when he was arrested the police officers *also* knew that he had lied to them about whether (and

6

how many) people remained inside the hotel room. This substantially alters the "totality of the circumstances" and establishes a basis for Mr. Anderson's arrest that goes beyond "mere presence" at a crime scene. Given this fuller (and undisputed) set of facts and circumstances, I conclude that Sergeant Francis and Officer Perkins had probable cause to arrest Mr. Anderson.

Neither of Mr. Anderson's two claims in this case – that his federal civil rights were violated when he was falsely arrested and falsely imprisoned – survives a finding that Sergeant Francis and Officer Perkins had probable cause to arrest him. *See, e.g.*, *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010) ("the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest"); *Osborne v. Am. Multi Cinema, Inc.*, 348 F. App'x 535 (11th Cir. 2009) ("The existence of probable cause creates an absolute bar to . . . complaints of false arrest and false imprisonment . . . .") (citing *Case v. Eslinger*, 555 F.3d 1317, 1326-27 (11th Cir. 2009)).

Moreover, even if the existence of probable cause was debatable in this case, I would still conclude that summary judgment is appropriate. "Even law enforcement officials 'who reasonably but mistakenly conclude that probable cause is present' are entitled to [qualified] immunity." *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). This standard has come

7

to be known as 'arguable' probable cause. "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." *Brown*, 608 F.3d at 734 (internal quotation marks and citations omitted). In light of the totality of the circumstances described above, I further conclude that there was at least 'arguable' probable cause to arrest Mr. Anderson. Consequently, Sergeant Francis and Officer Perkins are shielded from suit in their individual capacities by qualified immunity.

Finally, to the extent that Mr. Anderson also stated his false arrest and false imprisonment claims against Sergeant Francis and Officer Perkins in their official capacities, *see* (Doc. 7 at 3), I note that "[a] claim asserted against an individual in his or her official capacity is, in reality, a suit against the entity that employs the individual." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1309 (11th Cir. 2009). "Congress did not intend municipalities to be held liable unless deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). As a result, a government entity is liable under § 1983 for the actions of its employees only when they execute the "government's policy or custom." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). "A policy is a decision that is officially adopted by the municipality, or

AO 72A
(Rev.8/82)

created by an official of such rank that he or she could be said to be acting on behalf of the municipality. A custom is a practice so settled and permanent that it takes on the force of law." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (internal quotation marks, ellipsis, and citation omitted). Mr. Anderson's filings in response to the summary judgment motion offer nothing that suggests there is a genuine issue of material fact as to any of these requirements, let alone all of them. I conclude that Sergeant Francis and Officer Perkins are entitled to summary judgment on Mr. Anderson's claims against them in their official capacities as well.

For the foregoing reasons, I **DENY AS MOOT** Mr. Anderson's letter request for paper, envelopes, and photocopies, and I **RECOMMEND** that Sergeant Francis and Officer Perkins's summary judgment motion be **GRANTED** as to all claims.

I **DIRECT** the Clerk to terminate the referral of this case to me.

**IT IS SO ORDERED, DIRECTED AND RECOMMENDED**, this 6th day of October, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

9

AO 72A
(Rev.8/82)