IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JESSE ANDERSON, JR.,

     Plaintiff,

v.

SGT. FRANCIS and DEPUTY PERKINS,

     Defendants.

1:10-cv-03212-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [69], recommending that Defendants Sergeant Francis's and Deputy Perkins's (collectively, "Defendants") Motion for Summary Judgment be granted [60], and on Plaintiff's Third Motion for Extension of Time [80].

**I. BACKGROUND**

On September 20, 2010, Defendants arrested Plaintiff Jesse Anderson Jr. ("Plaintiff") after he exited a Motel 6 room in DeKalb County, Georgia. Plaintiff was seen exiting the room immediately before law enforcement personnel executed search and arrest warrants inside the room. When Plaintiff exited the room, he was detained and told to lie face down on the ground. After he was searched, Sergeant

Francis told Plaintiff: "anything in the room pal, we are charging it to your account." Am. Compl. at 8. Plaintiff told law enforcement personnel that there was no one in the room. Thereafter, officers entered the room where they found marijuana and cocaine. Law enforcement personnel also arrested two people who they discovered in the room. After Sergeant Francis learned there were drugs in the room and that two people had been arrested, he placed Plaintiff under arrest stating: "you said no one else was in the room . . . this is for lying and handcuffed [Plaintiff]." Pl.'s Aff. at ¶ 3.

On December 22, 2010, the Court screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, and concluded that it may state viable claims against Defendants, under 42 U.S.C. § 1983, for false arrest and false imprisonment because mere presence in an area where contraband is discovered is insufficient to establish possession of controlled substances. In its December 22, 2010, Order, the Court stayed this matter because the charges against Plaintiff for drug possession were still pending in the Superior Court of DeKalb County, Georgia. In October 2012, the DeKalb County District Attorney's Office elected to dismiss the criminal charges against Plaintiff. On October 26, 2012, the Court lifted the stay in this case and allowed Plaintiff's claims against Defendants for false arrest and false imprisonment to proceed.

On August 28, 2014, Defendants moved for summary judgment on Plaintiff's claims on the grounds that they are entitled to qualified immunity for claims against them in their individual capacities, and that Plaintiff failed to allege an unconstitutional policy or custom of the DeKalb County Police Department to bring claims against Defendants in their official capacities.

On September 16, 2014, Plaintiff filed his response to Defendants' Motion for Summary Judgment. In his response, Plaintiff now admits that he did not tell Defendants the truth about others being inside the motel room. Plaintiff states that he "refused to snitch on the persons inside the room at Motel Six on September 20, 2010, and this arrest was in retaliation for non-cooperation." Pl.'s Opp. to Def.'s Mot. for Summ. J. at 2.

On October 6, 2014, the Magistrate Judge issued her R&R, recommending that Defendant's Motion for Summary Judgment on Plaintiff's false arrest and false imprisonment claims be granted because there was both probable cause and "arguable" probable cause to arrest Plaintiff, and that Defendants are entitled to qualified immunity for the arrest. The Magistrate Judge found there was probable cause to arrest Plaintiff because Plaintiff lied to Defendants "about whether (and how many) people remained inside the hotel room." R&R at 7. The Magistrate Judge also found that, to the extent Plaintiff brought claims against Defendants in

3

their official capacities, Defendants were entitled to summary judgment because Plaintiff failed to allege that Defendants executed an unconstitutional custom or policy adopted by the DeKalb County Police Department when the arrest was made.

On October 29, 2014, Plaintiff moved for an extension of time to respond to the R&R. On December 1, 2014, the Court extended, through and including December 15, 2014, the time for Plaintiff to object to the R&R. On December 10, 2014, Plaintiff again moved to extend the time to file his objections to the R&R. On January 16, 2015, the Court granted Plaintiff's Motion for Extension of Time, and required Plaintiff, on or before February 3, 2015, to file his objections to the R&R. The Court admonished Plaintiff that no further extensions would be granted. Plaintiff failed to object to the R&R on or before February 3, 2015.[1]

---

[1] On February 9, 2015, Plaintiff filed his Third Motion for Extension of Time, in which he requested an additional twelve (12) weeks to file his objections to the R&R. Plaintiff claims that he needs three months to read the sixteen (16) cases cited in the R&R. The Motion for Extension of Time is denied. Plaintiff was previously granted two extensions of time to file his objections, was told no further extensions would be granted, and the additional time Plaintiff seeks to respond to the R&R is not reasonable. A response at this stage of the proceedings also is futile because, as the Court explains below, Defendants are entitled to summary judgment.

**II.   DISCUSSION**

   A.   Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).  Because Plaintiff did not file objections to the R&R, it is reviewed for plain error.

   B.   Analysis

Under the Fourth Amendment, an arrest is a "seizure" of a person, and whether an arrest is reasonable depends on whether there is probable cause for the arrest.  California v. Hodari D., 499 U.S. 621, 624 (1991); United States v. Floyd, 281 F.3d 1346, 1348 (11th Cir. 2002) (per curium). "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their

5

knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Floyd, 281 F.3d at 1348.  The probable cause standard is practical and non-technical, and is applied in a specific factual context considering the totality of the circumstances.  Skop v. City of Atlanta, Georgia, 485 F.3d 1130, 1137 (11th Cir. 2007) (citing Maryland v. Pringle, 540 U.S. 366, 370 (2003)).

If a law enforcement officer makes an arrest without probable cause, he may assert the defense of qualified immunity.  "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Wood v. Kesler, 323 F.3d 872, 877 (11th Cir. 2003) (citations and quotations omitted).  To demonstrate that the official is not entitled to qualified immunity, the plaintiff must show two things: (1) that the defendant has committed a constitutional violation and (2) that the constitutional right the defendant violated was "clearly established" at the time he did it.  Id.

The standard to determine if an arrest constitutionally violates a person's rights sufficient to support a claim under § 1983 is whether there was "arguable probable cause" to make the arrest.  Lee v. Ferraro, 284 F.3d 1188, 1195

(11th Cir. 2002).  Arguable probable cause is evaluated by determining whether "reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest."  Id. "What counts for qualified immunity purposes relating to probable cause to arrest is the information known to the defendant officers or officials at the time of their conduct, not the facts known to the plaintiff then or those known to a court later." Jones v. Cannon, 174 F.3d 1271, 1283 n.4 (11th Cir. 1999).

      The Court finds no plain error in the Magistrate Judge's conclusion that Defendants had probable cause to arrest Plaintiff.  There is no dispute that Plaintiff knew the individuals who were discovered inside the motel room and arrested. Plaintiff admits that he lied to Defendants regarding whether there was anyone else inside the motel room because Plaintiff "refused to snitch on the persons inside the room at Motel Six . . . ."  Pl.'s Opp. to Def.'s Mot. for Summ. J. at 2.  Plaintiff had exited the motel room immediately before law enforcement officers discovered marijuana and cocaine in the room, and before they arrested the two individuals they discovered in the room where marijuana and cocaine was found.  Because Plaintiff told Defendants that there was no one inside the motel room, a reasonable police officer, in Defendants' position, could reasonably believe that Plaintiff was associated with the individuals arrested and associated with the substances that

were discovered inside the room. Plaintiff's attempt to protect the individuals inside the motel room also could lead a reasonable officer to believe that Plaintiff was either a co-conspirator or that Plaintiff intended to obstruct an ongoing criminal investigation. The Court finds that Defendants had arguable and actual probable cause to arrest Plaintiff. "[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010). Because Defendants had actual probable cause to arrest Plaintiff, Defendants certainly also had "arguable" probable cause to arrest Plaintiff, and they are thus entitled to qualified immunity.

The Court also finds no plain error in the Magistrate Judge's recommendation that Defendants are entitled to summary judgment on Plaintiff's claims against them in their official capacities because Plaintiff failed to allege an unconstitutional policy or custom of the DeKalb County Police Department that caused the alleged deprivation of his constitutional rights. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [69].

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** [60].

**IT IS FURTHER ORDERED** that Plaintiff's Third Motion for Extension of Time is **DENIED** [80].

**SO ORDERED** this 23rd day of February, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE