**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JESSE ANDERSON,

                  **Plaintiff,**

    v.

SGT. FRANCIS and DEPUTY
PERKINS,

                  **Defendants.**

1:10-cv-3212-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Jesse Anderson's ("Plaintiff")

"Reconsideration Motion Opposing Argument to Magistrate Judge's Final Report

and Recommendation and Order" [87] ("First Motion for Reconsideration").  Also

before the Court are Plaintiff's "Motion for Reconsideration From the Entry of

Dismissal for Failure to File an Application to Proceed *In Forma Pauperis*" [90]

("Second Motion for Reconsideration") and Application for Permission to Appeal

*In Forma Pauperis* [89] ("Application").  The Court construes the First Motion for

Reconsideration as a Motion for Reconsideration of the Court's February 23, 2015

Order [81] ("February 23rd Order") adopting Magistrate Judge Gerrilyn G. Brill's

Final Report and Recommendation [69] ("R&R"), granting Defendants Sergeant

Francis's and Deputy Perkins's ("Defendants") Motion for Summary Judgment

[60] ("Motion for Summary Judgment"), and denying Plaintiff's Third Motion for Extension of Time [80].

## I.    BACKGROUND

On September 20, 2010, Defendants arrested Plaintiff after he exited a room at a Motel 6 in DeKalb County, Georgia.  Plaintiff was seen exiting the room immediately before law enforcement officers executed search and arrest warrants inside the room.  When Plaintiff exited the room, he was detained and told to lie face down on the ground.  After he was searched, Sergeant Francis told Plaintiff: "anything in the room pal, we are charging it to your account."  (Am. Compl. [7] at 8).  Plaintiff told law enforcement personnel that there was no one in the room. Thereafter, officers entered the room where they found marijuana and cocaine. Law enforcement personnel also arrested two people whom they discovered in the room.  After Sergeant Francis learned there were drugs in the room and that two people had been arrested, he placed Plaintiff under arrest, stating:  "you said no one else was in the room . . . this is for lying."  (Pl.'s Aff. [64] at 1).

On December 22, 2010, the Court screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, and concluded that it may state viable claims against Defendants under 42 U.S.C. § 1983 for false arrest and false imprisonment,

because mere presence in an area where contraband is discovered is insufficient to establish possession of controlled substances.

On August 28, 2014, Defendants moved for summary judgment on Plaintiff's claims on the grounds that they are entitled to qualified immunity for claims against them in their individual capacities, and that Plaintiff failed to allege an unconstitutional policy or custom of the DeKalb County Police Department to bring claims against Defendants in their official capacities.  In his response to the summary judgment motion, Plaintiff acknowledged he lied in response to questions from law enforcement officers, telling Defendants there was no one else inside. (See Pl.'s Resp. [65] ¶¶ 3, 13).

On October 6, 2014, the Magistrate Judge issued her R&R, recommending that Defendants' Motion for Summary Judgment on Plaintiff's false arrest and false imprisonment claims be granted because there was both probable cause and arguable probable cause to arrest Plaintiff, and that Defendants are entitled to qualified immunity for the arrest.  The Magistrate Judge found there was probable cause to arrest Plaintiff because, at the time of Plaintiff's arrest, Defendants knew Plaintiff "had lied to them about whether (and how many) people remained inside the hotel room."  (R&R at 6-7).  The Magistrate Judge also found that, to the extent Plaintiff brought claims against Defendants in their official capacities, Defendants

3

were entitled to summary judgment because Plaintiff failed to allege that Defendants executed an unconstitutional custom or policy adopted by the DeKalb County Police Department when the arrest was made.  (Id. at 8-9).

The Court granted Plaintiff two Motions for Extension of Time [71, 72] to file objections to the R&R, and Plaintiff failed to object to the R&R on or before the extended February 3, 2015, deadline.  On February 9, 2015, Plaintiff filed his Third Motion for Extension of Time.  In its February 23rd Order, the Court denied Plaintiff's Third Motion for Extension of Time, adopted the Magistrate Judge's R&R, and granted Defendants' Motion for Summary Judgment.

On March 12, 2015, Plaintiff filed his Notice of Appeal [83], and on April 2, 2015, the Court of Appeals dismissed the Notice of Appeal for want of prosecution for failure to pay the filing and docketing fees [88].  On March 16, 2015, Plaintiff filed a motion that appears to have been intended as his objection to the Magistrate Judge's R&R, but which he re-titled by hand as a "Reconsideration Motion" of the Magistrate Judge's R&R.  Because the time for objection to the R&R lapsed, the Court construes this motion as a Motion for Reconsideration of the Court's February 23rd Order.

On April 6, 2015, Plaintiff filed an Affidavit in Support of Request to Proceed *In Forma Pauperis* [89], and an Affidavit Accompanying Motion for

Permission to Appeal *In Forma Pauperis* [89.1].  Plaintiff did not file a Motion for Permission to Appeal *In Forma Pauperis* itself, and did not include a statement of issues on appeal.  The Court construes Plaintiff's filing as an Application for Permission to Appeal *In Forma Pauperis*.

On April 13, 2015, Plaintiff filed a Motion for Reconsideration [90] of the Court of Appeals' dismissal of Plaintiff's Notice of Appeal.  This Second Motion for Reconsideration was erroneously docketed as a Motion for Reconsideration of the Court's February 23rd Order.  On April 30, 2015, the Court of Appeals issued an Order [91] reinstating Plaintiff's Notice of Appeal, rendering moot Plaintiff's Second Motion for Reconsideration.

The Court now turns to Plaintiff's First Motion for Reconsideration.

## II.   DISCUSSION

### A.   Plaintiff's First Motion for Reconsideration

#### 1.   Legal Standard

 "A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)."  Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 906 n.5 (11th Cir. 1993).  The Court does not reconsider its orders as a matter of routine practice.  LR 7.2 E., NDGa.

The Court's Local Rules require the parties to file motions for reconsideration "within twenty-eight (28) days after entry of the order or judgment." Id.

It appears Plaintiff seeks reconsideration pursuant to Rule 59(e).[1] Motions for reconsideration under Rule 59(e) are appropriate only where there is newly-discovered evidence,[2] or a need to correct a manifest error of law or fact. See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008) (citing Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996); Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a [Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."); Jersawitz v. People, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence

---

[1]     Motions for Reconsideration under Rule 60(b) are appropriate only where there is "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable. Fed. R. Civ. P. 60(b). It does not appear Plaintiff alleges any of the foregoing.

[2]     Evidence that could have been discovered and presented on the previously-filed motion is not newly discovered. See Arthur v. King, 500 F.3d 1335, 1343-44 (11th Cir. 2007); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("We join those circuits in holding that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

that could have been presented prior to the entry of judgment.  See Arthur, 500

F.3d at 1343-44; O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992);

Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones

v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or

amend a judgment cannot be used to relitigate old matters, raise arguments, or

present evidence that could have been raised prior to the entry of judgment.");

Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is

not an opportunity for the moving party and their counsel to instruct the court on

how the court 'could have done it better' the first time.").  Whether to grant a

motion for reconsideration is "committed to the sound discretion of the district

judge."  Townsend v. Gray, 505 Fed. App'x 916, 917 (11th Cir. 2013) (per curiam)

(citing Region 8, 993 F.2d at 806).

> 2.   Analysis

The Court granted Defendants' summary judgment motion on Plaintiff's

claims against Defendants in their individual capacities, finding that Defendants

had arguable and actual probable cause to arrest Plaintiff, and therefore Defendants

were entitled to qualified immunity.  "Qualified immunity offers complete

protection for government officials sued in their individual capacities if their

conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known." <u>Wood v. Kesler</u>, 323 F.3d 872, 877 (11th Cir. 2003).

Where there is "arguable probable cause" to make an arrest, that arrest does not constitutionally violate a person's rights sufficient to support a Section 1983 claim. <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1195 (11th Cir. 2002). Arguable probable cause is evaluated by determining whether "reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest." <u>Id.</u> "[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." <u>Brown v. City of Huntsville</u>, 608 F.3d 724, 734 (11th Cir. 2010). "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." <u>United States v. Floyd</u>, 281 F.3d 1346, 1348 (11th Cir. 2002) (per curiam).

Here, it is undisputed that Plaintiff knew the individuals whom Defendants discovered inside the motel room. Plaintiff left the room shortly before police officers entered it. Once inside they discovered two individuals, marijuana and cocaine. They arrested the individuals and seized the marijuana and cocaine. Plaintiff admits that he lied to Defendants when they asked him whether there was

anyone in the motel room.  A reasonable police officer in Defendants' position could reasonably believe that Plaintiff was associated with the individuals arrested and with the substances that were discovered inside the room, that he was a co-conspirator trying to protect the individuals, or that Plaintiff intended to obstruct an ongoing investigation.  Because Defendants had actual probable cause to arrest Plaintiff, Defendants must also have had arguable probable cause to arrest, and they thus are entitled to qualified immunity.

In his First Motion for Reconsideration, Plaintiff relies on Reichle v. Howards, ⎯⎯ U.S. ⎯⎯, 132 S. Ct. 2088 (2012), among other cases, to argue that Defendants "surrendered" their qualified immunity when they used their arresting authority to retaliate against Plaintiff for exercising his right to free speech.  (First Motion for Reconsideration at 2-4).  Plaintiff also reiterates many of the same arguments he raised in his Response in Opposition to Defendants' Motion for Summary Judgment.  (See, e.g., id. at 3-4; Pl.'s Resp. ¶ 9).  A motion for reconsideration, however, is not a proper vehicle to offer new legal theories, nor to present the Court with arguments already heard and dismissed.  See Arthur, 500 F.3d at 1343.  Even if it was, Plaintiff's reliance on Reichle is fatal to his argument that Defendants surrendered their qualified immunity by violating a clearly established right.  The Supreme Court held in Reichle that the "clearly established

right" standard was not satisfied because the Supreme Court "has never recognized a First Amendment right to be free from a retaliatory arrest that is supported by probable cause . . . ." Reichle, 132 S. Ct. at 2093.  Plaintiff presents no new evidence, intervening development, or change in the law sufficient to warrant the Court's reconsideration of this issue.

The Court granted Defendants' summary judgment motion on Plaintiff's claims against Defendants in their official capacities, on the grounds that Plaintiff failed to allege that Defendants, when the arrest was made, acted pursuant to an unconstitutional custom or policy adopted by the DeKalb County Police Department.  A government entity is liable under Section 1983 for its employees' actions only when an employee executes the "government's policy or custom." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality.  A custom is a practice so settled and permanent that it takes on the force of law." Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005) (internal quotation marks, ellipsis, and citation omitted).

Plaintiff argues that the fact Defendants were released from their duties by the DeKalb County Police Department supports his official capacity claim against

Defendants.  (First Motion for Reconsideration at 5-6).  Plaintiff previously raised this argument in his Motion for Summary Judgment (see [39.1] at 1).  The argument was denied as untimely [57].  Plaintiff failed to raise the argument in his Response to Defendants' Summary Judgment Motion.  A motion for reconsideration is not the appropriate vehicle to revisit this issue, which Plaintiff had ample opportunity to address before judgment was entered.

Plaintiff next suggests that Defendants were terminated as the result of an internal investigation that "had caused the removal of at least twenty (20) other law . . . officers for misconduct and criminal activities."  (First Motion for Reconsideration at 5).  Plaintiff does not offer any reason to support why he could not have presented this evidence prior to the entry of judgment.  In fact, Plaintiff admits he became aware of this evidence "upon service of the Complaint upon the Defendants."  (Id.).  Even if his argument was timely, evidence of terminations of officers following an internal investigation does not show that Defendants' allegedly illegal conduct was consistent with a pattern or practice of that conduct. The fact of officer terminations may well support that the County took decisive action to preclude the establishment of the practices that Plaintiff claims.  Plaintiff

has not presented an intervening development, change in the law, or evidence that could not have been presented prior to the entry of judgment.[3]

Plaintiff's First Motion for Reconsideration reiterates arguments the Court previously considered and dismissed.  As a result, Plaintiff's First Motion for Reconsideration is required to be denied.

> **B.** **Plaintiff's Application to Appeal *In Forma Pauperis***

> **1.** **Legal Standard**

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure.  Section 1915 provides, in pertinent part:

> (a) (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[4] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .

---

[3]       Plaintiff adds that "it is common knowledge that the defendants are known for unconstitutional" misconduct.  (First Motion for Reconsideration at 5).  This type of conclusory assertion does not suffice under a motion for reconsideration.

[4]       The word "prisoner" is a typographical error, and the affidavit requirement applies to all individuals seeking to proceed *in forma pauperis*.  See <u>Martinez v. Kristi Kleaners, Inc.</u>, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

…

(e) (2) Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious . . . .

Rule 24 of the Federal Rules of Appellate Procedure provides, in pertinent part:

(1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a).

Two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*. First, the party must show an inability to pay. Second, the appeal must be brought in good faith and must not be frivolous.

2.    Analysis

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." Startti v. United States, 415

13

F.2d 1115, 1116 (5th Cir. 1969).  A district court "has wide discretion in denying an application to proceed IFP."  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004).  "This is especially true . . . in civil cases for damages, wherein the courts should grant the privilege sparingly."  Id. (internal quotation marks and citation omitted).

The individual seeking to appeal *in forma pauperis* must submit a statement of good faith issues to be appealed.  Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal.").  A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith.  See Howard v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 4642913, at *3 (S.D. Ohio Nov. 4, 2010) ("The affidavit . . . does not include a statement of the issues he intends to present on appeal, the omission of which is fatal to a Rule 24(a) motion."); Martin v. Gulf States Utils. Co., 221 F. Supp. 757, 760 (W.D. La. 1963) (citations omitted) ("The statement of points . . . will . . . enable us to more intelligently determine whether or not the proposed appeal is frivolous, or not made in good faith.").  "[A]n action is frivolous if it is without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (internal quotation marks and citation omitted).

Plaintiff has not submitted a statement of good faith issues to be appealed, and this is fatal to his Application.  To the extent that Plaintiff's First Motion for Reconsideration serves as his statement of issues to be presented on appeal, the Court finds Plaintiff's proposed appeal frivolous for the reasons stated in Section II. A., *supra*.  Because Plaintiff has not met the requirements of Rule 24 of the Federal Rules of Appellate Procedure, his Application must be denied.[5]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's "Reconsideration Motion Opposing Argument to Magistrate Judge's Final Report and Recommendation and Order" [87] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Permission to Appeal *In Forma Pauperis* [89] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Reconsideration From the Entry of Dismissal for Failure to File an Application to Proceed *In Forma Pauperis*" [90] is **DENIED AS MOOT**.

---

[5]   Having concluded that Plaintiff has failed to state the issues he intends to present on appeal as required by Rule 24, the Court declines to address whether Plaintiff has shown that he is unable to pay.

**SO ORDERED** this 14th day of August, 2015.

_____

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE